Case 5:22-cv-00125-RWS   Document 2   Filed 09/23/22   Page 1 of 5 PageID #: 74

Filed 8/19/2022 3:20 PM
Lori Caraway,
District Clerk
Bowie County, Texas
Jessica Vickers, Deputy

CAUSE NO. 22C0874-005

| | | |
|---|---|---|
| **THOMAS FOSTER** § | | **IN THE DISTRICT COURT** |
| *Plaintiff,* § | | |
| § | | |
| vs. § | | **OF BOWIE COUNTY, TEXAS** |
| § | | |
| **ALLSTATE TEXAS LLOYD'S INC.,** § | | |
| *Defendant.* § | | **_____ JUDICIAL DISTRICT** |

## ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Thomas Foster ("Plaintiff") complaining of Allstate Texas Lloyd's Inc., ("Defendant"), and for cause shows:

### I. Selection of Discovery Level

Discovery in this case is intended to be conducted pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

### II. Statement of Relief Sought

Monetary relief is sought in the amount over Two Hundred and Fifty Thousand Dollars ($250,000.00) but not more than One Million Dollars ($1,000,000.00). The damages sought are within the jurisdictional limits of this Court.

### III. Parties and Service of Citation

The Plaintiff is an individual residing at 331 Holly Street, Maud, Bowie County, Texas 75567. The Defendant is a general casualty company organized under the laws of the state of Texas and authorized to engage in the insurance business in Texas, having an agent for service at CT Corporation System 1999 Bryan St., Ste. 900 Dallas, Texas 75201 where service of citation may be had upon the Defendant.

## IV. Existence and Terms of Insurance Policy

The Defendant, through its local recording agent's office at 3301 Richmond Road, Texarkana, Texas 75503, issued an insurance policy naming Plaintiff as the insured and insuring the Plaintiff's house, premises and contents therein located at 331 Holley Street, Maud, Bowie County, Texas 75567 against loss by fire, explosion, windstorm, hurricane, hail, among other things. A copy of said insurance policy is attached hereto as Exhibit A. Said policy was, at all times material to this claim, in effect providing said coverage.

## V. Insured Loss

On or about September 20, 2020, Plaintiff had hail damage to the roof of his house insured by the Defendant pursuant to the insurance contract that Plaintiff had with Defendant. The reasonable and necessary cost of repairing and replacing the damaged property is Eleven Thousand Nine Hundred and Ten Dollars ($11,910.00). On or about February 17, 2021, damage occurred to gutters of the house insured by the Defendant pursuant to said insurance contract. The reasonable and necessary cost of repairing the damaged gutters is Three Thousand Six Hundred and Fifteen Dollars ($3,615.00). Therefore, Plaintiff is entitled to recover.

## VI. All Conditions Formed; Claim Not Paid

Despite the fact that all conditions precedent to the Plaintiff's recovery has been performed or have occurred, the Defendant has failed and refused to pay the Plaintiff in accordance with its contract obligation. Furthermore, on October 13, 2021, the Defendant unjustifiably denied liability for the roof claims under said policy and on October 7, 2021, Defendant unjustifiably denied liability for the gutter claim under said policy. The denied coverage by Defendant has compelled the Plaintiff to institute this litigation.

VII. Unfair Claims Settlement Practices

After having received notice of the Plaintiff's losses clearly covered by the parties' contract of insurance, all is set out in the preceding paragraphs of this Petition, the Defendant engaged in several unfair settlement practices, as enumerated, and defined as unfair or deceptive in Section 541.060(a) of the Texas Insurance Code and Section 17.46(b) of the Texas Business and Commerce Code including, but not limited to, the following:

a) Misrepresenting the policy provision relating to coverage of the insurance contract made the basis of this suit.

b) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Plaintiff's claim once the Defendant's liability became reasonably clear.

The Plaintiff will show that these acts and omissions on the Defendant's part were done knowingly, that is with an actual awareness of the falsity, unfairness, or deception of the conduct described. Further, Defendant received notice of Plaintiff's intent to bring suit on February 21, 2022, unless the matter was resolved. Consequently, the Plaintiff requests that the tryer of fact award Plaintiff additional damages of up to three (3) times the sum of actual damages suffered.

VIII. Breach of Duty of Good Faith and Fair Dealing

From and after the time the Plaintiff's claims were presented to the Defendant, the Defendant's liability to pay the claim in accordance with the terms of the insurance policy was reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny payment of Plaintiff's claims, Defendant refused to accept the claims and pay the Plaintiff as the policy required. At that time, the Defendant knew, or should have known, by the exercise of reasonable diligence that its liability was reasonably clear. In this regard, Plaintiff will show that the Defendant failed to conduct a reasonable, proper investigation

of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid paying a valid claim. Consequently, Defendant breached its duty to deal fairly and in good faith with the Plaintiff. The Defendant's breach was a proximate cause of losses, expenses, and damages suffered by Plaintiff as more specifically described below.

The breach of duty by the Defendant was aggravated by the kind of malice, fraud, and gross negligence for which the law allows imposition of exemplary damages. The Plaintiff, therefore, seeks exemplary damages in an amount to be assessed by the tryer of fact.

### IX. Actual Damages

The Defendant's conduct in this matter was the producing proximate cause of harm to the Plaintiff in the amount of Fifteen Thousand Five Hundred and Twenty-Five Dollars ($15,525.00) in addition to mental anguish in the amount of at least Fifteen Thousand Dollars ($15,000.00).

### X. Attorney's Fees

Because of the conduct of the Defendant, the Plaintiff has been compelled to engage services of an attorney to prosecute this action. Plaintiff is entitled to recover a reasonable sum for the necessary services of the attorney and the preparation and trial of this action and for any appeals to the Court of Appeals or the Texas Supreme Court.

### XI. Prayer

WHEREFORE, Plaintiff request, that Defendant be decided to appear and answer, and on final trial of this cause Plaintiff recover judgment against the Defendant for the following:

i. The sum of Fifteen Thousand Five Hundred and Twenty-Five Dollars ($15,525.00) as benefits payable under the insurance policy made the basis of this suit.

ii. Damages for mental anguish suffered by the Plaintiff and described in this Petition in a

sum as found by the tryer of fact within the jurisdictional limits of the Court.

iii. Exemplary damages or enhanced damages found by the tryer of fact.

iv. Eighteen percent (18%) per annum on Fifteen Thousand Five Hundred and Twenty-Five Dollars ($15,525.00) from October 13, 2021, and October 7, 2021, until the day before the judgment is signed.

v. Attorney's fees.

vi. Prejudgment and post judgment interest as provided by law.

vii. Cost of suit.

viii. Such other and further relief to which the Plaintiff may be justly entitled.

Respectfully submitted,

**SMITH WEBER, L.L.P.**
5505 Plaza Drive
Texarkana, Texas 75503
TEL: 903/223-5656  FAX: 903/223-5652

By:  /s/ *J. Michael Smith*
**J. MICHAEL SMITH**
Texas State Bar No. 18630500
E-Mail: msmith@smithweber.com
**ATTORNEYS FOR PLAINTIFF,
THOMAS FOSTER**